FREDERICK G. KNOCKAMUS

*v.*

WILLIAM J. SHEPARD *et al.*

The only question in this case is one of fact—whether a deed, absolute in form, was designed by the parties simply as a mortgage.

APPEAL from the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

The opinion states the case.

Messrs. SHAW & CRAWFORD, for the appellant.

Messrs. CRAWFORD & BECK and Messrs. BUCKLES & WELLS, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court :

This was a suit in equity, brought by appellant in the Henry circuit court, against appellees. The venue of the case was subsequently changed to Bureau county. The bill alleges that appellant and one Habernicht owned a tract of land, in which there was a coal mine ; that Habernicht was negotiating a sale of his interest to one Christian Schlegel ; that during the pendency of the negotiation, an arrangement was entered into by appellant and Schlegel, by which the latter was to advance money for the improvement of the mine, and receive as security therefor a deed for the land, signed by appellant and Habernicht ; that Schlegel inserted the name of Alexander Schlegel in the deed, as grantee, instead of his own ; that appellant, becoming apprehensive that Schlegel would sell the premises to one Shepard, warned him not to purchase his half of the land. But Shepard disregarded his remonstrance, and purchased the land, and received a deed from Alexander, and entered into possession of the mine, and sold different interests to the other appellees, who were charged with notice, from appellant's residence on the premises when they purchased.

Shepard and Schlegel deny the allegations of the bill, and Addison, Bell, Devore and Colburn deny notice, as charged. A supplemental bill and answer were filed, by which it appears that Shepard's grantees had re-conveyed to him a portion of the interest they had purchased, so as to invest him with title to three-fourths of the premises, an interest larger than appellant claims. On a final hearing, the court rendered a decree dismissing the bill at complainant's costs, from which the case is appealed to this court.

To entitle himself to relief, appellant was bound to prove that the deed from appellant to Alexander Schlegel, was intended by the parties as a mortgage of appellant's interest in

the land, to secure the advances made by Schlegel, and that Shepard had notice, actual or constructive, at the time he received the conveyance. If he has failed in either of these requirements, then he is not entitled to the relief sought. The deed, on its face, purports to convey the fee, absolutely and without condition. And to overcome the evidence it affords, of an absolute conveyance, clear and satisfactory evidence is required, as equity will not lightly set aside a deed, or give to it a character wholly different from what its terms declare. In this, the only question presented is, whether the deed was intended by the parties to be but a mortgage, and whether Shepard had notice of that fact.

A careful examination of the evidence in this record, satisfies us that it is so contradictory and irreconcilable, that the court below could not decree the relief sought. Appellant, Habernicht, and his wife, swear that the arrangement was, that it was conveyed as a security for money loaned or to be advanced. On the other hand, both the Schlegels testify that it was an absolute purchase, and if the deed only be considered as amounting to the testimony of one witness, the number would be equal. But in addition, there are a number who testify that appellant, repeatedly and on different occasions, stated that it was a sale; and, so far as we can perceive from the evidence, there is no pretense that he ever claimed that he owned any interest in the premises after the deed was made, and before the Schlegels left, except to prove that he had given notice to Shepard that he owned one-half. To others, he always spoke of it as a sale.

Again, when he employed Cropper to go with him in pursuit of the Schlegels, he spoke of it as a sale, and said nothing about holding any interest in the land. Nor do we then find him claiming it, or speaking of owning it, to others with whom he conversed. He only claimed that the Schlegels owed him, which was most probably true, and we might infer that it was the balance of the purchase money on the land, and for wages while working in the mines, for Schlegel. It is a significant

fact that he worked in sinking the new shaft by Schlegel, under Habernicht as the principal in management—that he then had no claim to the land.   If he still held and owned one-half of the land, can we suppose that he would have taken the position of a common laborer under his former partner, with whom he had been on such bad terms that they had fought, and both seem to have been induced to sell, to terminate their partnership?   It seems to be unreasonable to suppose that he would have submitted to the position, or that Schlegel would have required it, if they were joint owners, and consequently, to some extent, partners.   This evidence tends strongly to corroborate the testimony of the Schlegels.

After the deed was executed, Schlegel treated the hands to beer, and they were told that he had purchased and owned the mine, and they were to work under Habernicht as their foreman, and neither he nor appellant made any objection to the statement.   Appellant seems, during the whole time Schlegel held the property, to have recognized the title as being in him. Again, there seems to have been no definite amount to be paid on their debts, or money to be advanced, if it was a loan.   Nor was any time fixed for its payment, the rate of interest, or any other terms of the loan, if it was one.   We can not suppose, had this been a loan or a security for money, that the whole transaction would have been so loosely conducted.   Such loans are not usually made in this manner.   And in view of all the evidence in the case, we are at a loss to perceive how it could be inferred that it was intended as a security, unless we were to disregard the testimony of Shepard's witnesses, the statements of appellant and his conduct, and look alone at the evidence of appellant.

There were a large number of witnesses examined on both sides, and their testimony is irreconcilably conflicting, but we regard that introduced by appellee as largely preponderating, when considered in connection with the deed.   And it can not, it seems to us, be said, in any view of the evidence, that it is

clearly proved that it was understood and intended by the parties, that the deed was only intended as a security for money owing by, or to be advanced to, appellant. This view of the case renders a discussion of the question of notice to Shepard, as well as the other points presented by counsel for appellant, unnecessary. The decree of the circuit court is affirmed.

*Decree affirmed.*